IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.

Matt Jenkins,
    Plaintiff,
    vs.
Second Round L.P. and
Glass Mountain Capital L.L.C. dba
GMC Credit Services
    Defendants

**COMPLAINT**
JURY TRIAL DEMANDED

**Plaintiff alleges as follows:**

### INTRODUCTION

This is an action for statutory damages, costs and attorney fees brought pursuant to, the Fair Debt Collection Practices Act (hereinafter, "FDCPA") found in 15 U.S.C. §1692 and for Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers as found in N.C. Gen. Stat. §58-70, et. seq.

### THE PARTIES

1. Plaintiff, Matt Jenkins, is a natural person that resides in Mooresville, North Carolina

2. Plaintiff is a consumer as defined in 15 U.S.C.§1692a(3), and N.C. Gen. Stat. §58-70-90(2).

3. Upon information and belief, Defendant Glass Mountain Capital L.L.C. dba GMC Credit Services (hereinafter "GMC") is a business entity whom regularly engages in the purchase and collection of delinquent debt from consumers using the mail and telephone.

4. Upon information and belief, Defendant, GMC maintains a principal business office located in Illinois and may be served with process upon their registered agent the Corporation Service Company, 327 Hillsborough St., Raleigh, NC 27603 as listed with the North Carolina Secretary of State.

- 1 -

5. Defendant, GMC. is a "person" as defined in 14 U.S.C. §153(32), a "debt collector" as defined in 15 U.S.C. 1692a(6), and a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1)

6. Upon information and belief, Defendant Second Round L.P. is a business entity whom regularly engages in the purchase and collection of delinquent debt from consumers using the mail and telephone.

7. Upon information and belief, Defendant, Second Round L.P. maintains a principal business office located in Texas and may be served with process upon their registered agent the Incorp Services Inc., 176 Mine Lake Court, Suite 100, Raleigh N.C. 27615, as listed with the North Carolina Secretary of State.

8. Defendant, Second Round L.P.. is a "person" as defined in 14 U.S.C. §153(32), a "debt collector" as defined in 15 U.S.C. 1692a(6), and a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1)

## JURISDICTION

9. Jurisdiction of this Court arises under 15 U.S.C.§1692k(d)

10. Defendant GMC engages in the collection of debts from consumers in this judicial district

11. Defendant Second Round L.P. engages in the collection of debts from consumers in this judicial district

## FACTUAL ALLEGATIONS

12. Upon information and belief, the Defendant Second Round L.P. is a debt buyer which includes the purchase of defaulted credit card accounts and as of October 1, 2009, was required to be licensed as a collection agency with the North Carolina Department of Insurance.

13. At all times relevant to this action, upon information and belief, the Defendant Second Round L.P. was not licensed as a collection agency with the North Carolina Department of Insurance.

14. On behalf of the Defendant Second Round L.P., the Defendant GMC sent a dunning letter dated from October 21, 2010, to the Plaintiff in an attempt to collect on an alleged debt owed by the Plaintiff to Defendant Second Round L.P. (attached as Exhibit A )

15. At all times relevant to this action, upon information and belief, the Defendant GMC was not licensed as a collection agency with the North Carolina Department of Insurance at the time that they issued the dunning letter and neither does the dunning letter include any N.C. permit number that provides either Defendant the right to collect debts from any consumer in the state of N.C.

- 2 -

16. Within the dunning letter the Defendant Second Round L.P. claims to have allegedly purchased an account from American Express and the Plaintiff is obligated to pay that account.

17. Upon information and belief, the statement was false and deceptive in that Defendant Second Round L.P. did not purchase a debt from American Express as stated in the dunning letter.

18. Upon information and belief, the Defendant Second Round L.P. did not purchase the subject account from American Express, has no valid documentation of ownership for the subject account, and neither do they have verification of the debt that the Plaintiff is allegedly obligated to pay.

19. Within the subject dunning letter the Defendants falsely accuse the Plaintiff of not paying his debt and threaten to report a negative credit report entry on the Plaintiff's personal credit report if the Plaintiff does not pay this debt.

20. Upon information and belief, the Defendants were attempting to collect on a time-barred debt. The Defendant's dunning letter failed to disclose the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt under North Carolina law.

21. Upon information and belief, the Defendant was attempting to collect on an account which was used primarily for personal or household purchases allegedly owed by the Plaintiff.

22. At all times relevant herein Defendant GMC was the authorized agent of Defendant Second Round L.P., acting upon its instruction for its direct benefit

## FIRST CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

23. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

24. The Defendant Second Round L.P. debt collection attempts from the Plaintiff are unlawful business activities constituting an unfair means in debt collection until they hold an active collection agency permit with the North Carolina Department of Insurance as required by North Carolina General Statute § 58-70-1 as well as a violation of falsely representing a creditor's rights while attempting to collect a debt.

25. The Defendant GMC debt collection attempts from the Plaintiff were an unlawful business activity as they held no collection agency permit with the North Carolina Department of Insurance as required by North Carolina General Statute § 58-70-1 at the time of sending the dunning letter.

26. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

27. As a result of Defendants violations of North Carolina General Statute § 58-70-1, and/or North Carolina General Statute § 58-70-115, and /or North Carolina General Statute § 58-70-110, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

28. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

29. The Defendants attempts to collect on the subject account without valid documentation that the Defendant Second Round L.P. was the owner of the account and the Defendant's failure to provide reasonable verification of the account was an act of "unfair practices" in debt collection under North Carolina General Statute § 58-70-115(5)

30. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

31. As a result of Defendant's violations of North Carolina General Statute § 58-70-115(5), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation for each collection attempt from Defendants pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

32. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

33. The Defendant's failure to disclose to the Plaintiff, the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt was an act of "unfair practices" in debt collection under North Carolina General Statute § 58-70-115(1)

34. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

35. As a result of Defendants violations of North Carolina General Statute § 58-70-115(1), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation for each collection attempt whether verbally or by letter pursuant to North Carolina

- 4 -

Case 5:11-cv-00581-BO   Document 1   Filed 10/20/11   Page 4 of 6

General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

36. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

37. The Defendant's threatening of reporting to the credit reporting agencies false accusations that the Plaintiff had not paid a just debt allegedly owed to the Defendant Second Round L.P. was a violation of North Carolina General Statute § 58-70-95.

38. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

39. As a result of Defendants violations of North Carolina General Statute § 58-70-95, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation for each violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

41. Defendant's communications violated the (F.D.C.P.A.) 15 U.S.C. §§ 1692 et seq. by:
   a. using false, deceptive, or misleading representations to Plaintiff in connection with debt collection in violation of 15 U.S.C. §§ 1692e
   b. using unfair or unconscionable means to attempt to collect a debt or an alleged debt in violation of 15 U.S.C. §§ 1692f
   c. misrepresenting the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §§ 1692e(2)
   d. threatening to communicate or communicating false credit information in violation of 15 U.S.C. §§ 1692e(8)
   e. engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with debt collection in violation of 15 U.S.C. §§ 1692d

42. As a result of Defendants violations of the F.D.C.P.A., the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages of up to $1000.00 per action pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants:

1. For an award of statutory damages of $1000.00 for violations of the FDCPA from each Defendant;
2. For an award of statutory damages of $ 4000.00 per violation of the North Carolina Debt Collection Statutes pursuant to North Carolina General Statute § 58-70 -130(b) ;

3. Costs, and attorney's fees pursuant to North Carolina General Statute § 58-70-130(a), North Carolina General Statute § 75-16, and 15 U.S.C. 1692k(a);

4. Such other and further relief as the Court deems just and proper under the circumstances.

October 19, 2011

Respectfully submitted,

W. Andrew LeLiever
N.C. State Bar No: 37384
LELIEVER LAW, P.A.
5 W. Hargett St., Ste. 206
Raleigh, NC 27601
Telephone: 919-906-4687
Email: lelieverlaw@hotmail.com
*Counsel for Plaintiff*